UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL G. MORRIS** | **CIVIL ACTION** |
| **versus** | **NO. 14-2028** |
| **DEPARTMENT OF CORRECTIONS** | **SECTION: "N" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Michael G. Morris, is a state prisoner incarcerated in Lafourche Parish, Louisiana. On May 11, 2007, he pleaded guilty under Louisiana law to driving while intoxicated, fourth offense.[1] On June 19, 2007, he was sentenced to a term of twenty years imprisonment.[2]

---

[1] State Rec., Vol. I of IV, transcript of May 11, 2007; State Rec., Vol. I of IV, minute entry dated May 11, 2007.

[2] State Rec., Vol. II of IV, transcript of June 19, 2007; State Rec., Vol. I of IV, minute entry dated June 19, 2007.

On August 12, 2008, petitioner wrote a letter asking for a clarification of his sentence.[3] The judge denied relief on October 14, 2008.[4]

On February 20, 2009, petitioner filed a post-conviction application with the state district court, and that application was denied on March 4, 2009.[5] On May 8, 2009, he then filed another such application, which was likewise denied on May 19, 2009.[6] He was also denied post-conviction relief by the Louisiana First Circuit Court of Appeal on July 20, 2009,[7] and by the Louisiana Supreme Court on March 26, 2010.[8]

Petitioner filed a "Motion for Modification of Sentence or Amendment of Sentence" with the state district court on June 20, 2010, and that motion was denied on September 16, 2010.[9]

---

[3] State Rec., Vol. I of IV.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the various filings in this case, this Court will simply use the signature date of the documents as the filing date, in that the applications were obviously placed in the mail no earlier than the date they were signed.  In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.  While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is untimely by several years.

[4] State Rec., Vol. I of IV, minute entry dated October 14, 2008.

[5] State Rec., Vol. I of IV.

[6] State Rec., Vol. I of IV.

[7] State v. Morris, No. 2009 KW 0737 (La. App. 1st Cir. July 20, 2009); State Rec., Vol. II of IV.

[8] State *ex rel.* Morris v. State, 29 So.3d 1251 (La. 2010) (No. 2009-KH-1899); State Rec., Vol. II of IV.

[9] State Rec., Vol. II of IV.

On November 17, 2010, petitioner filed with the state district court a "Motion to Correct Illegal Sentence," which was denied on December 7, 2010.[10]  His related writ application was likewise denied by the Louisiana First Circuit Court of Appeal on March 25, 2011.[11]

Petitioner then filed another "Motion to Correct Illegal Sentence" with the state district court on January 30, 2012, and that motion was denied on February 1, 2012.[12]  His related writ applications were then also denied by the Louisiana First Circuit Court of Appeal on May 21, 2012,[13] and by the Louisiana Supreme Court on November 9, 2012.[14]

On January 1, 2013, petitioner filed with the state district court another "Motion to Correct Illegal Sentence," which was denied on January 10, 2013.[15]

---

[10] State Rec., Vol. II of IV.

[11] State v. Morris, No. 2010 KW 2322 (La. App. 1st Cir. Mar. 25, 2011); State Rec., Vol. II of IV.

[12] State Rec., Vol. II of IV.

[13] State v. Morris, No. 2012 KW 0437 (La. App. 1st Cir. May 21, 2012); State Rec., Vol. II of IV.  The Court of Appeal also refused his request for rehearing. State v. Morris, No. 2012 KW 0437 (La. App. 1st Cir. June 15, 2012); State Rec., Vol. II of IV.

[14] State ex rel. Morris v. State, 100 So.3d 833 (La. 2012) (No. 2012-KH-1624); State Rec., Vol. II of IV.

[15] State Rec., Vol. II of IV.  The judge also issued written reasons for the denial on January 17, 2013.  State Rec., Vol. II of IV.

On September 3, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[16] The state argues that the federal application is untimely.[17] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment became "final."[18] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

---

[16] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his application was placed in the prison mail system on September 3, 2014. Rec. Doc. 1, p. 15.

[17] Rec. Docs. 16 and 17. Because the federal application is in fact untimely, the Court need not address the alternative grounds argued in the state's response.

[18] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty on May 11, 2007, and he was sentenced on June 19, 2007. Because he did not file a direct appeal within the thirty days allowed by state law, his state criminal judgment became final no later than July 19, 2007.[19] Accordingly, his period for filing a federal *habeas corpus* application commenced on that date and expired one year later on July 21, 2008,[20] unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State

---

[19] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. C. Crim. P. art. 914.

[20] The Court is aware that, because 2008 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was July 18, 2008. However, courts have held that it is the "anniversary date" on which the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year. See, e.g., United States v. Hurst, 322 F.3d 1256, 1261-62 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Zeno v. Louisiana, Civ. Action No. 06-4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009). Moreover, because the "anniversary date" of July 19, 2008, fell on a Saturday, the federal limitations period here was extended through the following Monday, July 21, 2008. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period.[21]

The Court must next consider equitable tolling. The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th

---

[21] The only state applications he filed during that one-year period concerned requests for transcripts and other documents. State Rec., Vol. I of IV. However, such motions seeking transcripts or documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

The Court also notes that petitioner later filed various state applications for post-conviction relief. However, because all of those applications were filed *after* the expiration of the federal statute of limitations, they had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). By entering his unconditional plea, petitioner has already conceded under oath that he in fact committed and was guilty of the crime of which he stands convicted. Moreover, even if McQuiggin applies in the context of a guilty plea, a point which is by no means clear,[22] petitioner does not invoke McQuiggin and, in any event, has not made colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence"

---

[22] Some circuit courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty. See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013). But see Green v. Williams, No. 3:11-CV-00455, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

exception applies, his federal application for *habeas corpus* relief had to be filed no later than July 21, 2008, in order to be timely. His federal application was not filed until September 3, 2014, and, therefore, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Michael G. Morris be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[23]

New Orleans, Louisiana, this fifteenth day of December, 2014.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.